VIRGINIA CINTRÓN, Appellant, *v.* REGISTRAR OF GUAYAMA, Respondent.

No. 641.   Submitted July 15, 1926.—Decided July 20, 1926.

*Adolfo Porrata Doria* for the appellant.   The registrar appeared by brief.

MR. JUSTICE FRANCO SOTO delivered the opinion of the court.

The Registrar of Guayama refused to record a certain forced sale deed because he did not consider it proved that the Municipal Court of Guayama acquired jurisdiction over the defendant before rendering the judgment, entering instead a cautionary notice in favor of purchaser Virginia Cintrón for the statutory period. The deed was again presented for record accompanied by a certificate issued by the

clerk of the municipal court, the interested party asking then for the conversion of the cautionary notice into a final record on the ground that the defect assigned by the registrar of no jurisdiction had been corrected.

The registrar reconsidered the deed of sale in connection with the certificate issued by the clerk of the municipal court and again refused to record it on the grounds stated in the following decision:

"The conversion of the cautionary notice of purchase letter A to which the preceding note in ink refers is denied, because the supplementary document presented, that is, a certificate from the clerk of the Municipal Court of Guayama relative to certain facts in the proceedings in the said case does not prove satisfactorily that the Municipal Court of Guayama had jurisdiction over the defendant partnership before rendering judgment against it, inasmuch as the order providing for the service of summons by publication, to judge from the motion of counsel for the plaintiff, whereon it is based, was made without jurisdiction, according to section 94 of the Code of Civil Procedure, and because, even admitting that the court had such jurisdiction, in the publication of the notice a copy of the complaint was omitted, the delivery of which is a part of the service according to section 92 of the Code of Civil Procedure."

The appellant contends in her brief "that it is not within the powers of the registrar to weigh the extent and nature of the evidence submitted to a court, nor to assail the validity of any judicial proceeding."

The question so raised does not appear as having a direct relation to the grounds whereon the registrar based his decision, for the registrar does not weigh any evidence that may have been submitted in the case, nor is his decision an attack on the validity of the proceedings as they appear from the record.

The powers of the registrars are defined in article 18 of the Mortgage Law as follows:

"Art. 18.—Registrars shall, under their responsibility, determine the legality of the instruments under which record is requested, and

the capacity of the parties thereto, upon the facts that appear from said instruments themselves.

"They shall likewise, under their responsibility, pass on all documents issued by judicial authorities for the sole purpose of admitting, suspending or refusing their admission to record or entry."

According to the second paragraph the registrars are empowered to pass on documents issued by judicial authority and the jurisprudence of this Supreme Court has established in various decisions the scope of their power in such cases. This power does not extend to weighing the grounds of judgments and judicial decisions, that is, the intrinsic justice thereof, nor to deciding whether the evidence submitted was sufficient, but they may determine whether the court had jurisdiction of the subject matter, the nature and effect of the order, whether it was made in the proper proceeding, whether the essential rules and procedure for its validity were followed and whether it contains all the facts which, according to the Mortgage Law, are necessary for making the record. *Suárez v. Registrar of Guayama, ante, p. 466,* and cases therein cited.

But this case comes more especially within the purview of the holding in the case of *Menéndez v. Registrar of Guayama, 34 P.R.R. 602,* wherein the registrar denied the jurisdiction of a municipal court for several reasons, among them defects in the summoning of the defendants by publication, and this court finally said:

". . . . And whether a municipal court had or did not have jurisdiction to render judgment is, for the purpose of admitting to record or of refusing to record a marshal's deed, a matter to be determined by the registrar from the facts duly certified or otherwise established, regardless of any opinion entertained or conclusion reached by the secretary of such court, without disclosure of the evidence upon which such opinion or conclusion is based."

Considering this appeal on its merits, we will say that the registrar was right in refusing the conversion on the first ground assigned in his decision.

The certificate issued by the clerk of the municipal court contains a copy of the unverified motion for service of the summons on the defendant by publication, a copy of the order granting the motion, and also a copy of the summons. In this document is also included the notice of the attachment levied on a property belonging to the defendant.

The said motion and order read as follows:

"Now comes the plaintiff by his attorney and states:

"That in this case the members of the defendant partnership are unknown, for which reason it is impossible for the plaintiff to summon them, or the president or secretary of said defendant.

"Wherefore, the plaintiff moves the court that, as provided by law, it order the publication of the proper notice to the defendant of the fact that it has been sued, and also that a property, which is described in the motion to the marshal, has been attached."

"Order.—The foregoing motion and the law applicable to the matter having been duly considered, the court orders the publication of the proper notice to the defendant that it has been sued in this municipal court, and also that a house belonging to said defendant, located in the town of Arroyo, has been attached."

The summons was issued and published and a certain property of the defendant had been attached to convert the action to an action *in rem;* but where it does not appear that the statute was complied with is in the manner in which the order for the service of summons on the defendant by publication was obtained. There was no affidavit containing the jurisdictional facts which should be the basis of the court for the order.

Section .94 of the Code of Civil Procedure reads as follows:

"When the person on whom the service is to be made resides out of the said Island, or has departed from said Island, or can not, after due diligence, be found within said Island, or conceals himself to avoid the service of summons, when he is without any known residence, or is a foreign corporation, having no managing or business agent, cashier or secretary within the Island, and the fact appears by affidavit to the satisfaction of the court or a judge thereof,

and it also appears by such affidavit, or by the verified complaint on file that a cause of action exists against the defendant in respect to whom the service is to be made, or that he is a necessary or proper party to the action, such court or judge may make an order that the services be made by the publication of the summons.''

As may be seen, the law clearly specifies the cases in which service of summons may be made by publication, it being necessary in every instance that the facts, as they are alleged to exist, be shown under oath, and that besides this affidavit, or the sworn complaint filed, it should appear that a good cause of action exists against the defendant to be summoned, or that the said defendant is a necessary or proper party to the action.

''The existence of any one of the conditions specified by the statute is not alone sufficient. In addition thereto, it must also appear by the affidavit or the verified complaint on file that a cause of action exists against the defendant in respect to whom the service is to be made, or that he is a proper party to the action. . . . . . .

''The service of a summons by publication made without an affidavit for publication is void. The affidavit is necessary to bring into exercise the jurisdiction of the court to make the order.'' Sutherland, Code Pleading Practice and Forms, vol. 1, pp. 656–7.

It does appear evident that in the proceeding for the collection of a debt which resulted in the judicial sale of the property whose record was sought the municipal court did not acquire jurisdiction over the defendant, because the order providing for the service of summons by publication was made without jurisdiction. Consequently, the judgment rendered in the case was void, as was also its execution.

■ In the second ground of his decision the registrar asserts that, assuming that the publication of the summons was made in the proper manner, a copy of the complaint should have accompanied the summons. In the matter of the service of a summons by publication when the plaintiff shall have complied with the provisions of section 94 of the Code of Civil Procedure section 95 of the same Code pre-

742

scribes what the order for publication must provide and all the other formalities that must be complied with.

For the reasons hereinbefore given the decision appealed from should be affirmed.